UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRUCKO STAMPLEY (#594210)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **22-532-JWD-RLB** |
| **DR. FLEMING, ET AL.** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 18, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TRUCKO STAMPLEY (#594210)**   **CIVIL ACTION**

**VERSUS**

**22-532-JWD-RLB**

**DR. FLEMING, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, a person confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendant Dr. Fleming, complaining that his constitutional rights are being violated due to an implant in his body, food contaminated with HIV/AIDS, and torture. He seeks monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, Plaintiff alleges the following: For the last ten years, the plaintiff has been tortured. An implant in his body causes him psychological torture, and he is being fed food contaminated with HIV/AIDS in an attempt to kill him. As explained more fully below, the plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted.

In *Williams v. Collins*, 988 F.2d 1212 (5th Cir. 1993), the Court affirmed the adoption of the magistrate's determination that the plaintiff's claims, including the allegation that his food was tainted with the AIDS virus, were factually frivolous. Courts have additionally considered allegations of devices implanted in the body to be so delusional as to warrant dismissal as frivolous. *See*, *e.g*., *Dodson v. Haley*, No. 16-6196, 2017 WL 3224485 (6th Cir. May 17, 2017) (dismissing as frivolous plaintiff's allegations that the defendants "installed 'eye cameras' and 'thought-processing devices' " in plaintiff's body to read his mail and monitor his food in order to tamper with it); *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (dismissing as frivolous plaintiff's allegations that "prison officials implanted a radio frequency device in his body to track his movements and thoughts"); *Johnson v. Drug Enforcement Agency*, 137 F. App'x 680 (5th Cir. 2005) (dismissing as frivolous plaintiff's allegations that the DEA implanted

a transmitter in his scalp); *Mason v. Texas*, 2018 WL 6930108, at *1 (N.D. Tex. Oct. 17, 2018), *rec. adopted*, 2019 WL 1330341 (N.D. Tex. Jan. 14, 2019) (dismissing claims as frivolous where plaintiff alleged defendants used doctors to place microphones in her ears or teeth and the microphones were damaging her health); and *Grant v. U.S. Gov't*, 2014 WL 6685035, at *4 (E.D. Cal. Nov. 25, 2014) ("Plaintiff's claims that the Government implanted a device in him can best be described as frivolous.").

In the instant case, plaintiff alleges that the psychological torture is a result of the implant. (R. Doc. 1 at 6). In addition to the claim regarding the implant being frivolous, claims of torture have also been dismissed as frivolous. In *Roberts v. Fuentes*, 2022 WL 1548667 (5th Cir. 2022) the plaintiff appealed dismissal of his claims of psychological, emotional, and physical torture as frivolous. On appeal, the Court determined that the plaintiff's appeal was without merit, and his appeal was dismissed as frivolous. *See also*, *Obama v. Earle Cabell Federal Court, No. 19-cv1466,* 2019 WL 4418283 (N.D. Tex. Aug. 23, 2019) (dismissing conclusory allegations of assaults, thefts, and torture as frivolous).

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on October 18, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."